IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANK I. GARCIA,**

      **Plaintiff,**

v.                                                                                                                        **No. 99cv0422 JC/JHG**

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

This matter is before the Court on Plaintiff's (Garcia's) Motion to Reverse or Remand the Administrative Decision, filed December 22, 1999. The Commissioner of Social Security issued a final decision denying Garcia's application for supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being fully informed, finds the motion is well taken and recommends it be GRANTED.

Garcia, now fifty-one years old, filed his application for supplemental security income on July 5, 1996, alleging a disability due to an umbilical hernia, obesity, alcoholism and depression. Garcia has a high school education and past relevant work as a janitor. On August 12, 1997, the Commissioner denied Garcia's application for supplemental security income both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Garcia's impairments did not meet or equal a listing impairment as found in Appendix 1. Tr. 16. The ALJ found Garcia had obesity but not at the levels specified in the tables associated with the listing § 9.09. *Id.* In addition, the ALJ found Garcia's depression was stable and " in and of itself not 'severe'." *Id.* The ALJ also found Garcia's subjective complaints

of pain and functional limitations were not credible to the degree alleged. *Id.* The ALJ determined Garcia had the residual functional capacity (RFC) to perform simple unskilled sedentary work. Based on the vocational expert's testimony, the ALJ found Garcia was not disabled because he could perform work available in significant numbers in the national economy. Tr. 17. On February 25, 1999, the Appeals Council denied Garcia's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Garcia seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand the administrative decision, Garcia makes the following arguments: (1) the ALJ made an inaccurate determination of Garcia's RFC; (2) the ALJ failed to address the fact that Garcia cannot work an eight hour work day; (3) the ALJ failed to address the evidence of vocational expert Ken Williams; (4) the ALJ misrepresented the testimony of vocational expert William Krieger at the administrative hearing as to the type of work Garcia can perform; (5) the ALJ failed to address the lack of a significant number of jobs in the economy and the inaccuracy of vocational expert William Krieger' testimony; and (6) the ALJ made inaccurate and inappropriate credibility determinations.

In his August 12, 1997 decision, the ALJ determined Garcia had the RFC to perform simple unskilled sedentary work. This determination is not supported by substantial evidence. Under the regulations, "a sedentary job is defined as one which involves sitting." 20 C.F.R. § 404.1567(a). The Secretary estimates that an eight-hour day of sedentary work should generally involve approximately six hours of sitting. Social Security Rule 83-10. However, on June 9, 1997, Dr. Brown found Garcia could not sit for more than six hours in an eight hour day. Tr.

251. Dr. Brown also found "new findings of neuro (peripheral neuropathy) with decreased sensation." Tr. 198. Given these limitations, the vocational expert opined that Garcia could not perform sedentary work. Tr. 57. The vocational expert testified Garcia "can sit **less than 6 hours** in an 8 hour day." *Id.* Additionally, the ALJ added "and [he] would need to change, **even then**, positions frequently. He's limited in his lower extremities. There's also a note of no pulling, so he couldn't pull and . . . . " *Id.* The ALJ then asked the vocational expert, "So, being less than the minimum requirements of sedentary would that rule out the sedentary?" *Id.* The vocational expert answered, "Well, **especially when you add some of the other restrictions.** So, you not only have the sitting restrictions, but he can't use his lower feet. He, he can't pull, and I would assume push levers." *Id.*

    The ALJ discounted the vocational expert's testimony concluding Garcia could sit for more than six hours in an eight hour day even though Garcia's treating physician evaluated him and found he could not sit for more than six hours in an eight hour day. Tr. 16. The ALJ dismissed these findings by concluding that, although Garcia's doctor indicated limitations on his ability to sit and his ability to use his hands and feet, those limitations were related to subjective complaints and not supported by the objective evidence. *Id.* Because the consultative examination revealed "no such problems," the ALJ discounted these limitations. Tr. 16-17. This was error. In her June 9, 1997 medical notes, under her **objective** findings, Dr. Brown noted "sensation– very decreased (indicated by an arrow) feet and some in legs." Tr. 199. Dr. Brown also evaluated Garcia's DTR's (deep tendon reflexes) and noted her findings along with her objective finding of a "large ventral hernia and umbilical hernia with no evidence of inguinal hernias." *Id.* On the same day, Dr. Brown completed Garcia's Statement of Ability to do Work-

4

Related Physical Activities. Tr. 249-51. On this form, Dr. Brown indicated Garcia could sit less than six hours in an eight hour work day due to Garcia's need "to change position to move his back." Tr. 251. Dr. Brown also noted Garcia had no spine flexibility and had decreased sensation in **both hands** and feet. *Id.* Dr. Brown based her conclusions on the physical exam she performed that same day. In her medical notes, Dr. Brown noted "not able to flex spine due to his ventral hernia." Tr. 199. The ALJ erred in concluding that Dr. Brown's findings of limitations were related to Garcia's subjective complaints and not to objective evidence. Dr. Brown did not state Garcia could sit for less than six hours because of back pain. She indicated Garcia needed to change positions to move his back. Although the consultative examiner found no impairment as to Garcia's ability to sit, the regulations provide that the agency generally will give more weight to medical opinions from treating sources than those from non-treating sources if they are not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2).

Moreover, it appears Garcia has developed neuropathy of the hands and feet. Use of his hands is critical in performing the types of jobs the vocational expert opined Garcia could perform. The ALJ was aware of this new development and chose to dismiss it. "The ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Services,* 13 F.3d 359, 360-61 (10th Cir. 1993). The ALJ's duty "is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns the claimant's version of those facts." *Id.* at 361 (quotations and brackets omitted). In light of the information provided by Garcia and his doctor, the ALJ did not meet his burden of fully and fairly developing the record. The Court will remand the case so that the ALJ can order a consultative neurological

5

examination to determine if Garcia's neuropathy will affect his RFC.

On remand, the ALJ should consider all of Garcia's impairments in determining his RFC at step four of the sequential analysis. If necessary, the ALJ should clarify Dr. Brown's finding that Garcia cannot sit for more than six hours in an eight hour workday. In determining Garcia's physical and mental abilities, the ALJ should first assess the nature and extent of his physical and mental limitations and then determine his residual capacity for work activity on a **regular and continuing basis**. 20 C.F.R. § 404.1545(b) and (c).

At step five of the sequential analysis, the ALJ should relate Garcia's impairments to the vocational expert and then ask him whether, in his opinion, there are any jobs in the national economy that Garcia can perform. Finally, on remand, the ALJ should link his credibility determination with specific evidence of record. *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir, 1988).

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Garcia's Motion to Reverse and Remand Administrative Decision, filed December 22, 1999, should be granted. This case should be remanded to the Commissioner to allow the ALJ to complete the sequential evaluation process, especially assessment of Garcia's residual functional capacity in light of his severe, nonexertional impairments, to order a

neurological consultative evaluation, and to link his credibility determination with specific evidence of record.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE</u>**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.